KELLY, Circuit Judge,
concurring.
I view whether a JD is reviewable under the APA as a close question. In Sackett, the Supreme Court concluded that a compliance order issued by the EPA “severely limits [petitioners’] ability to obtain a permit for their fill from the Army Corps of Engineers [because] [t]he Corps’ regulations provide that, once the EPA has issued a compliance order with respect to certain property, the Corps will not process a permit application for that property unless doing so ‘is clearly appropriate.’ ” Sackett v. EPA — U.S.-, 132 S.Ct. 1367, 1372, 182 L.Ed.2d 367 (2012) (internal citation omitted) (quoting 33 C.F.R. § 326.3(e)(1)(iv)).[3] The record in the pres *1003 ent case does not reveal that a similar impediment to receiving a permit exists once a JD has been issued. In Sackett, the Corps had a published policy regarding the decreased likelihood of receiving a permit; here, the record includes case-specific facts, such as informal comments made by Corps representatives, suggesting that a permit application made by Hawkes might be “futile.” See Majority Opinion, supra, op. at 1001. However, I question how much weight should be given to the futility of the permit application for an individual applicant, or the time and cost spent applying, in determining whether or not the JD constitutes a final agency action. If a JD is a final agency action, an applicant who is likely to obtain a permit would still be in a position to seek judicial review of the JD. Similarly, it must be the case that were the Corps to take steps to make the permit process both more efficient and less costly, the reviewability of the JD would not change.
I also note other differences between the compliance order in Sackett and the JD in the present case. A compliance order, once issued, begins the accumulation of penalties (potentially doubled) for each day the landowner remains in violation. Id. A JD, however, has no such penalty scheme. Indeed, 33 U.S.C. § 1319(d), the CWA’s enforcement section on civil penalties, makes no mention of JDs. While the existence of a JD may affect a court’s assessment of a party’s “good faith” while determining civil penalties, I agree with the other courts that have considered this issue that any penalties resulting from a JD are far more “speculative” than those threatened in Sackett. Belle Co., LLC v. U.S. Army Corps of Eng’rs, 761 F.3d 383, 392 (5th Cir.2014); see also, Fairbanks N. Star Borough v. U.S. Army Corps of Eng’rs, 543 F.3d 586, 595 (9th Cir.2008). The Appellants fail to point to a single case in which increased civil penalties were levied against a party for ignoring a JD.
Despite these dissimilarities with the circumstances in Sackett, I agree that Hawkes is left without acceptable options to challenge the JD, absent judicial review. Hawkes’s choice is to either (1) follow through on their peat-mining plans until either the EPA issues a compliance order or the Corps commences an enforcement action, to both of which Hawkes could raise lack of CWA jurisdiction as a defense; or (2) apply for a permit (on the grounds that no permit is required) and, if the application is denied, appeal the denial in court. But what happens if Hawkes is, after all, granted a permit yet maintains it never needed one in the first place? It must decline the permit and challenge the original jurisdiction in court. This roundabout process does not seem to be an “adequate remedy” to the alternative of simply allowing Hawkes to bring the jurisdictional challenge in the first instance and to have an opportunity to show the CWA does not apply to its land at all.
In my view, the Court in Sackett was concerned with just how difficult and confusing it can be for a landowner to predict whether or not his or her land falls within CWA jurisdiction — a threshold determination that puts the administrative process in motion. This is a unique aspect of the CWA; most laws do not require the hiring of expert consultants to determine if they even apply to you or your property. This jurisdictional determination was precisely what the Court deemed renewable in Sackett. See Sackett, 132 S.Ct. at 1374-75 *1004 (Ginsburg, J., concurring). Accordingly, I concur in the judgment of the court.

. "No permit application will be accepted nor will the processing of an application be continued when the district engineer is aware of enforcement litigation that has been initiated by other Federal, state, or local regulatory *1003 agencies, unless he determines that concurrent processing of an after-the-fact permit application is clearly appropriate.” 33 C.F.R. § 326.3(e)(l)(iv)